UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARKO TEOVSKI,

     Plaintiff,

v.                            CASE NO. 8:21-cv-272-SDM-UAM

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

     Defendants.

_____/

**ORDER**

After the United States Citizenship and Immigration Services (USCIS) denied an I-130 visa petition that Marko Teovski, a United States citizen, filed on behalf of Martina Copkov, who is both Teovski's wife and a Serbian citizen, Teovski sues (Doc. 14) and argues that the denial of the petition was arbitrary and capricious because USCIS relied on "collateral proceedings" and not on "substantial and probative evidence." Teovski moves (Doc. 38) for summary judgment. The defendants respond (Doc. 44). Teovski replies (Doc. 45) in support of his motion for summary judgment. Separately, the defendants move (Doc. 39) for summary judgment, and Teovski responds (Doc. 42).

**BACKGROUND**

In 2011, Copkov married Nemanja Mucibabic, a United States citizen. Mucibabic filed with USCIS a visa petition for Copkov, and Copkov applied for status as

a lawful permanent resident of the United States.  (Doc. 14 at 6)  In 2014, Copkov and Mucibabic divorced.  Copkov withdrew her application for lawful permanent residency.  After their divorce, Mucibabic and Copkov failed to appear for an interview with USCIS.  Finding that Mucibabic and Copkov abandoned Mucibabic's petition, USCIS denied the petition.  (Docs. 19-1 at 301 and 42 at 2–3)  The defendants submit an investigative report of a 2014 interview with Copkov by the Department of Homeland Security (DHS).  According to the report, Copkov admitted during the interview that her marriage to Mucibabic "was for the sole purpose to acquire immigration status in the United States."  (Docs. 32-1 at 4 and 19-1 at 6)  Less than a year after her divorce from Mucibabic, Copkov married Ralph Sosa.  (Doc. 19-1 at 109–11)  Copkov and Sosa divorced after four months.

In 2019, Copkov married Teovski, who petitioned USCIS for a visa for Copkov.  In 2021, Teovski sued and requested (Doc. 1) a writ of mandamus directing the defendants to adjudicate the petition.  The defendants issued a "notice of intent to deny," and Teovski responded.  (Doc. 14 ¶¶ 29 and 30)  After evaluating the response, the defendants issued a second "notice of intent to deny," to which Teovski responded.  (Doc. 14 ¶¶ 31 and 32)  The defendants denied the petition and asserted that "approval was prohibited under Section 204(c) of the Immigration and Nationality Act" because Teovski failed to establish that Copkov's earlier marriage to Mucibabic "was bona fide and not a sham."  (Doc. 14 at 7 and 20)  After the denial of the

petition, Teovski amended (Doc. 14) the complaint in this action to challenge the denial.[1]

Teovski moves (Doc. 38) for summary judgment and contends (Doc. 14 ¶ 49) that, because no substantial or probative evidence supports the denial, the denial was arbitrary and capricious. The defendants respond (Doc. 44), and Teovski replies (Doc. 45). Separately, the defendants move (Doc. 39) for summary judgment. Teovski responds (Doc. 42).

## ANALYSIS

Under 8 U.S.C. § 1154(a)(1)(A)(i), a United States citizen on behalf of an alien spouse may petition the Attorney General for an immigrant visa.[2] In accord with 8 C.F.R. § 204.2, a citizen files a visa petition on behalf of an alien spouse by submitting a "Form I-130"[3] to USCIS. If the alien spouse was married to a different citizen who petitioned on behalf of the spouse for an immigrant visa and if the earlier

---

[1] A plaintiff challenging certain immigration decisions, such as a final order of removal, must exhaust all administrative remedies, including any appeal to the Board of Immigration Appeals (BIA). *See Recinos v. U.S. Atty. Gen.*, 566 F.3d 965, 967 (11th Cir. 2009); *De La Teja v. United States*, 321 F.3d 1357, 1366 (11th Cir. 2003). But under *Darby v. Cisneros*, 509 U.S. 137, 153–54 (1993), "an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review." (emphasis in original) Because 8 C.F.R. § 1003.1(b) states that petitioners "may" appeal to BIA decisions on visa petitions on behalf of an alien relative, the appeal to BIA is not "expressly required," and a petitioner may sue in federal court without appealing to BIA the denial of the petition. *See Bangura v. Hansen*, 434 F.3d 487, 494 (6th Cir. 2006); *Sofiane v. Dep't of Homeland Sec.*, 2010 WL 1882267, at *6 (D. Conn. 2010) (Hall, J.); *see also Mendoza v. Sec'y, Dep't of Homeland Sec.*, 2015 WL 13310428 (M.D. Fla. 2015) (Sharp, J.) (granting summary judgment on the merits of an action challenging the denial of an I-130 petition, which the plaintiff never appealed to the BIA), *aff'd*, 851 F.3d 1348 (11th Cir. 2017).

[2] Section 1154(a) permits a citizen to petition on behalf of a "an immediate relative," which section 1151(b)(2)(A)(i) defines to include a citizen's spouse.

[3] https://www.uscis.gov/i-130.

marriage was "determined by the Attorney General to have been entered into for the purpose of evading the immigration laws," Section 1154(c) proscribes the approval of any petition on behalf of the alien spouse, even if the alien spouse has married a different citizen. *Eberheart v. U.S. Atty. Gen.*, 322 Fed. Appx. 827, 830 (11th Cir. 2009) ("Once it is determined that a marriage — including a prior marriage — has been entered for the purpose of evading immigration laws, no spousal visa petition will be granted."). If evidence in the record "indicate[s] that the beneficiary has been an active participant in a marriage fraud conspiracy, the burden shifts to the petitioner to establish that the beneficiary did not seek nonquota or preference status based on a prior fraudulent marriage." *Matter of Kahy*, 19 I. & N. Dec. 803, 806–07 (B.I.A. 1988). USCIS must deny under 8 C.F.R. § 204.2(a)(ii) any petition on behalf of an alien spouse "who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws."

The Administrative Procedure Act permits a district court to "set aside" the denial of a visa petition "only if [the denial] is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' or 'unsupported by substantial evidence.'" *Rojas v. Sec'y, Dep't of Homeland Sec.*, 675 Fed. Appx. 950, 953 (11th Cir. 2017) (citing 5 U.S.C. § 706(2)(A), (E) and citing *Sanchez Jimenez v. U.S. Atty. Gen.*, 492 F.3d 1223, 1230 (11th Cir. 2007)); *see also Iyawe v. Garland*, 28 F.4th 875, 879 (8th Cir. 2022) ("USCIS's decision to deny an I-130 petition pursuant to § 1154(c) must be based on 'substantial and probative evidence' that there was an attempt or conspiracy to evade immigration laws through a fraudulent marriage.").

Review of an agency's decision is "exceedingly deferential." *Mendoza v. Sec'y, Dep't of Homeland Sec.*, 851 F.3d 1348, 1352–53 (11th Cir. 2017), *cert. denied sub nom. Mendoza v. Duke*, 583 U.S. 1040 (2017).  USCIS need only "reach[] a rational conclusion."  *Mendoza*, 851 F.3d at 1356 (citing *Defs. of Wildlife v. U.S. Dep't of the Navy*, 733 F.3d 1106, 1115 (11th Cir. 2013)).

Based on a "review of the entire record," USCIS determined that "substantial and probative" evidence showed that Copkov's marriage to Mucibabic was fraudulent.  Specifically, USCIS relied on a report of DHS's 2014 interview with Copkov in which Copkov reportedly stated that her marriage with Mucibabic was fraudulent. *Mendoza*, 851 F.3d at 1355, explains that an agency may reasonably conclude that the petitioner failed to prove the beneficiary's eligibility for a visa if "unrebutted evidence suggest[s] that the beneficiary previously sought a visa by operation of a fraudulent marriage[.]"  USCIS sent Teovski two notices of intent to deny and after each notice permitted Teovski to submit additional evidence to support his petition.  Teovski responded to the notices and argued that the report of the interview was not "substantial or probative evidence," but Teovski adduced no evidence establishing that Copkov's earlier marriage to Mucibabic was legitimate.  After receiving Teovski's response, USCIS, citing 8 U.S.C. § 1154 and 8 C.F.R. § 204.2, denied Teovski's petition.  Because USCIS relied on evidence that Copkov told DHS that her earlier marriage was fraudulent and because Teovski adduced no evidence that the earlier marriage was legitimate, USCIS's denial is neither arbitrary nor capricious and is supported by "substantial evidence."

- 5 -

Resisting this conclusion, Teovski argues that the investigative report, on which the defendants rely to establish that Copkov's earlier marriage to Mucibabic was fraudulent, is not "substantial or probative evidence" because the report "is not a sworn statement" and because the report is "double hearsay."  But "the Federal Rules of Evidence do not apply in administrative proceedings."  *Garces v. U.S. Atty. Gen.*, 611 F.3d 1337, 1347 (11th Cir. 2010).  If the evidence is uncontradicted, probative, and not fundamentally unfair, hearsay is generally admissible in immigration proceedings.  *See Alvarez v. U.S. Att'y Gen.*, 787 Fed. Appx. 669, 671 (11th Cir. 2019) (holding that "police reports, though hearsay, are admissible in administrative immigration proceedings."); *Lemorin v. U.S. Att'y Gen.*, 416 Fed. Appx. 35, 40 (11th Cir. 2011) (quoting *Tashnizi v. INS*, 585 F.2d 781, 782–83 (5th Cir. 1978), and citing *Zahedi v. INS*, 222 F.3d 1157, 1164 n. 6 (9th Cir. 2000)); 32 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 8142 (2d ed.).

Despite two additional opportunities to submit evidence to show that Copkov's earlier marriage was legitimate, Teovski declined to submit evidence to rebut the statements in the investigative report.  The report was uncontradicted, probative, not fundamentally unfair, and supported by the evidence that Mucibabic and Copkov divorced and abandoned the earlier petition on Copkov's behalf.  USCIS reasonably concluded that the unrebutted report was "substantial and probative evidence" of marriage fraud.

## CONCLUSION

For these reasons and others stated in the defendants' motion for summary judgment, the defendants' motion (Doc. 39) for summary judgment is **GRANTED**, and Teovski's motion (Doc. 38) for summary judgment is **DENIED**.  The clerk must enter judgment for the defendants and must close the case.

ORDERED in Tampa, Florida, on October 30, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE